lawful charges. If the initial carrier, who acted as the agent for the shipper in the matter of forwarding the goods, violated his contract by making an unauthorized diversion, it is responsible to the plaintiffs for the damages resulting therefrom, and liable to such penalties as it may have incurred. As the trial court allowed a recovery of the property without any tender of the lawful warehouse charges or of the charges due the final carrier, we are of the opinion that the judgment is erroneous. The judgment is, therefore, reversed and the cause will be remanded to the Municipal Court.

*Reversed and remanded.*

### Frank Alford, Defendant in Error, v. Antonia Lambert, Plaintiff in Error.

### Gen. No. 21,592.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. CHARLES N. GOODNOW, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed and remanded. Opinion filed January 17, 1917.

### Statement of the Case.

Action by Frank Alford, plaintiff, against Antonia Lambert, defendant, to recover the sum of $836 alleged to be due plaintiff for work as janitor for twenty months at $35 a month, and other items, including $21 for borrowed money. From a judgment for plaintiff for $836, defendant brings error.

EMIL A. MEYER and EDWARD H. MORRIS, for plaintiff in error.

COMERFORD & COHEN, for defendant in error.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 41*—*when husband is competent witness for wife.* In an action concerning the separate estate of a wife, her husband is a competent witness for her.

2. MASTER AND SERVANT, § 82*—*when evidence as to amount of work done by servant is admissible.* In an action by a janitor of an apartment building, consisting of fifteen flats, to recover, among other things, for his services for twenty months at $35 per month, where the defense was that defendant had not agreed to pay plaintiff anything and that he simply worked for his board and lodging, and it appeared that defendant's husband also worked in the building, *held* that evidence as to the amount of work which plaintiff did during the term he was with defendant was admissible for consideration in determining whether a contract had been entered into for the payment of the sum claimed per month.

---

### John Forler, Plaintiff in Error, v. E. R. Butts, Defendant in Error.

### Gen. No. 21,622.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Affirmed. Opinion filed January 17, 1917.

### Statement of the Case.

Action by John Forler, plaintiff, against E. R. Butts, defendant, on two promissory notes aggregating $590. From a judgment in favor of defendant, plaintiff brings error.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.